[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action for breach of contract in five counts. After a revised complaint was filed, the defendant moved to strike the second, third and fifth counts for failure to state a legal cause of action.
The first count of the complaint alleges that Medspan breached a "Marketing and Administrative Service Agreement (Agreement") it had with Weiss by unilaterally terminating that Agreement without proper cause and justification. The second count alleges that Medspan's actions in wilfully, intentionally and falsely contriving a basis for the termination constitute a violation of 42-110(b) et seq. of the General Statutes, The Connecticut Unfair Trade Practices Act ("CUTPA"). The third count is an allegation that, in wilfully, intentionally and falsely contriving a basis for termination of the Agreement, Medspan misappropriated trade secrets belonging to the plaintiff, in violation of 35-51
et seq. of the General Statutes, the Uniform Trade Secrets Act ("UTSA"). The fourth count alleges breach of the Agreement by Medspan's failure to comply with the terms and conditions of certain specified provisions. The fifth count is a claim of unjust enrichment.
In moving to strike the second count, the defendant argues that the facts pleaded are insufficient to meet the "cigarette test which determines the validity of a CUTPA claim. Medspan points to the absence of any allegations of a violation of public policy, that the acts complained of were unethical, immoral and unscrupulous, or that Medspan's conduct caused substantial injury in any way independent of the allegations of breach of contract and wrongful termination of the Agreement. Weiss maintains first, that all three criteria under the "cigarette rule" need not CT Page 6711-A be met to support a finding of unfairness because the satisfaction of any one of the criteria is sufficient to support a CUTPA claim. In the alternative, the plaintiff claims that its allegations in the second count are sufficient to satisfy the criteria set forth in the rule.
Section 41-110(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business." In A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990), the court, quoting from its earlier decision in Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 239 (1987), held that:
 "In determining whether the practice is unfair, . . [the courts] have adopted the criteria set out in the `cigarette rule' by the federal trade commission. . . ." (1) [W]hether the, practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or other businessmen)."
It is clear that Connecticut has acknowledged the statement of the FTC that all three criteria set out in the "cigarette rule need not be satisfied to support a finding of unfairness and that a practice may be deemed unfair because of the degree to which it meets one of the criteria or because, to a lesser degree, it meets all three. Atlantic Richfield, Inc., supra, 242; McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 569 n. 15 (1984), quoting Statement of Basis and Purposes, "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," 43 Fed. Reg. 59, 614, 59, 635 (1978).
Notwithstanding the acknowledgment and repeated references to the statement, Connecticut's Supreme Court has not ruled definitively that all three criteria need not be satisfied to support a finding of unfairness under Connecticut law. See, Atlantic Richfield, Inc., supra, 242-43; McLaughlin Ford, Inc., supra; also A-G Foods, Inc., supra, 216-17 ("the first prong [of the `cigarette rule'], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence"). But see DeMotses v. Leonard Schwartz Nissan, Inc., CT Page 6711-B22 Conn. App. 464, 467 n. 1 (1990) (quoting, in footnote, McLaughlin Ford, Inc., supra, for the proposition that "[a] plaintiff does not have to satisfy all three criteria in order to show that a practice is unfair.")
Several trial court decisions have held that an ordinary breach of contract does not give rise to a CUTPA claim. See, e.g., Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580 (1991), Jarasek Transmission, Inc. v. Chrysler House Associates Ltd. Partnership, 4 CSCR 73, 74
(December 2, 1988, O'Connor, J.), Central Delivery Service of Washington Inc. v. People's Bank, 2 Conn. L. Rptr. 449 (October 1, 1990 Goldberg, J.); Rehoex Aussenhandel v. Grant Airmass Corp. 2 Conn. L. Rptr. 590 (October 17, 1990, Lewis, J.); Calise v. Piro, 2 Conn. L. Rptr. 683 (November 26, 1990, Katz, J.): Antonio v. Kaismann, 3 CTLR 44 (December 11, 1990, Ryan, J.): LoMonte v. Rice, 3 CTLR 240 (January 18, 1991, Aurigemma J.). "A simple breach of contract, even if intentional, does not amount to a violation of the Act, a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." Emlee Equipment Leasing Corp., supra, (Citations omitted) (Emphasis added).
The detailed allegations of fact, viewed in the light most favorable to the plaintiff, constitute no more than a claim of intentional breach of contract and wrongful termination of the Agreement. Those allegations do not constitute "substantial aggravating circumstances nor anything else that would bring the alleged breach within the ambit of CUTPA." Emlee Equipment Leasing Corp., supra.
The third count of the revised complaint alleges misappropriation of trade secrets by acquisition of those secrets through improper means. The motion to strike this count is based upon defendant's contention that an UTSA-based claim of "misappropriation" requires either improper acquisition or improper disclosure of confidential information. In the absence of any allegations of either type of misappropriation, it is argued that there is a failure to state a claim upon which relief can be granted.
Section 35-51(b) of the General Statutes provides, in part that:
 "Misappropriation" means: (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means. . . ." CT Page 6711-C
 Section 35-51(a) provides that "`Improper means' includes theft, bribery, misrepresentation, breach of inducement of a breach of duty to maintain secrecy, or espionage through electronic or other means." The revised complaint alleges that the defendant had access to plaintiff's trade secrets pursuant to the terms of the Agreement. Since this rules out a claim of acquisition through improper means, the plaintiff argues that the subsequent improper termination of the Agreement is sufficient to show misappropriation through improper means.
 What is missing in the third count is an allegation linking the alleged improper termination to the defendant's acquisition of plaintiff's trade secrets pursuant to the Agreement.
 The fifth count is a claim of unjust enrichment and is based upon the claim that, by providing its labor and services to the defendant, and alleging that, as a result, the defendant has been "unjustly enriched," the plaintiff has sufficiently alleged a claim for unjust enrichment.
 "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract." Burns v. Koellmer, 11 Conn. App. 375, 383 (1987). (Citation omitted). "To recover under [the doctrine of] unjust enrichment, the plaintiff must demonstrate (1) that the defendant has benefited from the transaction or has received something of value; and (2) that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff." Garwood Sons Construction Co. v. Centos Associates Limited Partnership, 8 Conn. App. 185, 187 (1986), (Citations omitted); see, Burn, supra; also see, Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-66.
 While the factual allegations of the fifth count support a claim that the defendant benefited from the transaction or received something of value, there are no factual allegations to support a claim that the benefit was "unjust" in that it was not paid for, to the plaintiff's detriment. A party's legal conclusions cannot serve as the factual basis from which the court can imply facts to support a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
 The motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. CT Page 6711-D Practice Book 152(1); Mingachos, supra. The motion admits all acts well pleaded as well as those facts necessarily implied from the factual allegations. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
 In ruling on a motion to strike, the court may only consider those grounds raised in the motion. Blancata v. Feldspar, 203 Conn. 34, 44 (1987). Moreover, the court is limited to the facts alleged in the complaint and must construe those facts most favorably to the plaintiff. Gordon, supra.
The plaintiff has failed to make factual allegations sufficient to support a cause of action under CUTPA or UTSA or the doctrine of unjust enrichment for the reasons set forth earlier. Accordingly, the motion to strike the second, third and fifth counts of the revised complaint is granted.