[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE FOURTH COUNT OF SECOND REVISED COMPLAINT
This is a motion to strike a revised fourth count alleging a CUTPA cause of action, the previous fourth count having been stricken in a decision by Judge Sheldon on November 2, 1993, which applied the so-called "cigarette rule" in finding that plaintiff's allegations were insufficient at law.
The key paragraphs of the revised fourth count with the new language inserted following Judge Sheldon's decision underlined, reads as follows:
 9. Further, upon information and belief, the defendant selected a source for equipment with which the defendant has an exclusive manufacturing relationship, not disclosed to the plaintiff, such that the [defendant] did not seek competitive bids to secure the best equipment for the best price available to accomplish the plaintiff's stated goals. Further, the defendant sought to induce the plaintiff to enter into an exclusive relationship wherein defendant would be the sole supplier of the equipment and hence limit competition.
 10. The foregoing activities offend public policy, are immoral, oppressive, unethical and unscrupulous and cause substantial injury to consumers, competitors and other businessmen, thereby violating the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. 42-110a, et seq., and has caused the plaintiff an ascertainable monetary loss as set forth herein.
Defendant argues that this count is legally insufficient because claims of simple negligence or breach CT Page 3172 of contract are not sufficient, as a matter of law, to constitute a CUTPA violation. Further, defendant argues that CUTPA requires pleading of particular types of injury and that a simple recitation of the language of the CUTPA is insufficient.
Plaintiff argues that the requirements of the "cigarette rule" have been met and that a CUTPA claim is proper if the underlying negligence results in a deceptive act or practice.
Plaintiff claims that the defendant not only breached its contract with the plaintiff, "but it did so in such a way as to deceive the plaintiff into buying equipment from a supplier that had an exclusive relationship with the defendant."
Plaintiff further argues
 "not only does the complaint allege negligence and negligent misrepresentation, but it also alleges that the negligence was part of a scheme in which the defendant favored a source with which it had an exclusive relationship, such that it did not seek competitive bids to secure the best equipment for the best price, thereby deceiving the plaintiff, and causing it to buy inferior equipment for a higher price."
The difficulty with plaintiff's position is that we are unable to find any factual allegations of a "scheme" in this count. In deciding this motion this court cannot be aided by the assumption of any facts not alleged in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348 (1990), quoting Fraser v. Henninger, 173 Conn. 52,60 (1977).
The relevant portion of the CUTPA statute, General Statutes 42-110b(a), provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade commerce. Whether a practice is unfair and thus violative of CUTPA is an issue of fact which must be viewed within the context of the totality of the circumstances which are uniquely available to the trial court. Krawiec v. Blake Manor CT Page 3173 Development Corp., 26 Conn. App. 601, 607, 602 A.2d 1062
(1992).
The three-prong "cigarette rule" which provides the standard by which potential violations of CUTPA are assessed, has been stated in A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990) as follows:
 "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."
Generally, "[a] practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Company v. Canaan Oil Company, 202 Conn. 234, 242,520 A.2d 1008 (1987).
In A-G Foods, supra, the Supreme Court noted, however, that when an alleged CUTPA violation is based solely upon allegations of negligence, it must satisfy more than just the first prong of the "cigarette rule." Mere negligence, without more does not violate the act. Calise v. Piro,2 Conn. L. Rptr. 683 (October 29, 1990, Katz, J.). Likewise, "[i]n order to withstand a motion to strike for legal insufficiency, plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Chernet v. Town of Wilton,2 Conn. L. Rptr. 475, 476 (September 28, 1990, Cioffi, J.).
Similarly, while the Connecticut Appellate Court has stated that "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation"; (Emphasis added). Lester v. Resort Camplands International, Inc., 27 Conn. App. 59, 71 (1992). A number of superior court decisions have held that a simple claim of breach of contract is not sufficient to give rise to a CT Page 3174 CUTPA violation, particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. Aussenhandel v. Grant Airmass Corp., 2 Conn. L. Rptr. 590 (October 17, 1990, Lewis, J.); see also Central Delivery Service of Washington, Inc. v. Peoples Bank, 2 Conn. L. Rptr. 449 (October 1, 1990, Goldberg, J.). Robert S. Wiess Co. v. Medspan,8 CSCR 835 (July 13, 1993, Gray, J.).
The first eight paragraphs of the fourth count of the plaintiff's second revised complaint contain allegations of negligence, negligent misrepresentation, and breach of contract. In the ninth paragraph, the plaintiff has alleged that the defendant selected a supplier with which it had an "exclusive manufacturing relationship . . . such that the [defendant] did not seek competitive bids to secure the best equipment for the best price, and that "the defendant sought to induce the plaintiff to enter into an exclusive relationship wherein defendant would be the sole supplier of the equipment and hence limit competition." In the tenth paragraph, the plaintiff has recited the language of the "cigarette rule" and alleged that the defendant's conduct violated the CUTPA statute.
We find that even if we view these allegations in a light most favorable to the plaintiff, they are not sufficient to establish a CUTPA claim because no facts have been set forth that show how the alleged negligence by the defendant amounted to "practices or methods of trade . . . that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Chernet v. Town of Wilton, supra, 476. Moreover plaintiff has failed to set forth facts showing "substantial aggravating circumstances attending the breach [of contract] to recover under the Act . . . ." Robert S. Wiess Co. v. Medspan, supra. The tenth paragraph of the count merely recites the legal test for establishing a CUTPA violation. Since these general allegations are mere conclusions of law, absent sufficient underlying facts to support them, they are insufficient to constitute a valid CUTPA claim, and the count is therefore subject to a motion to strike. Cavallo v. Derby Savings Bank, supra. CT Page 3175
Motion to strike revised Fourth Count granted.
WAGNER, J.