[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Troxler Electronic Laboratories, Inc. ("Troxler"), originally commenced an action in two counts alleging that the defendant, Phillip Palilla, breached a covenant not to compete and violated the Connecticut Trade Secrets Act. After the court (Moraghan, J.) denied the plaintiff's motion for a temporary injunction, the plaintiff filed a revised complaint adding two additional causes of action — a breach of fiduciary duty (count three) and a violation of CUTPA (count four). The defendant seeks to strike counts three and four.
COUNT THREE
The plaintiff incorporates the allegations as set forth in count one and further alleges in count three that the defendant breached his fiduciary duty in his capacity as a former high level employee because the defendant had unlimited access to Troxler proprietary and confidential data.
The defendant postulates that the plaintiff's claim in the third count is legally insufficient because it is based solely on actions allegedly performed by the defendant following
termination of his employment with the plaintiff.
The plaintiff counters that under Town Country House CT Page 4951Homes Service, Inc. v. Evans, 150 Conn. 315, 317 (1963), the fact that a restrictive covenant existed between the parties does not free the defendant to unfairly compete and constitutes a breach of his fiduciary duties.
1. The court does not interpret Town Country House Homes
as standing for the proposition that the plaintiff claims it stands for. The sentence which states: "[u]pon termination of the agency, however, and in the absence of a restrictive agreement, the agent can properly compete with his principal in matters for which he had been employed." when read in its full context, refers to a breach of contract and not necessarily to a breach of fiduciary duty.
2. The only other case offered by either party is DelreAssociates v. Thomas Adkins, 13 CLT 46 (September 28, 1987, Burns, J.) which the defendant maintains infers that "upon termination of his or her employment . . . an employee's fiduciary duty to his or her employer is at an end and the employee is free, subject to contractual or statutory limitations, to compete with his or her employer, set up a rival business and/or utilize information acquired from his or her employer during employment." A reading of this short case reveals just the opposite.
3. A perusal of sections 395 and 396 of the Restatement of Torts, in particular the Comment on Clause (b), p. 224, settles the issue, and that a fiduciary's duty extends past the termination of the agency. Therefore, the defendant's motion to strike count three of the plaintiff's revised complaint is denied.
COUNT FOUR
The fourth count incorporates the allegations of the other counts and further alleges that:
 [t]he Defendant's conduct as alleged above constitutes unfair and/or deceptive acts and practices within the meaning of General Statutes, Sec. 42-710b [sic].
 As a result of the Defendant's unfair trade practices, the Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law. CT Page 4952
The defendant contends that the plaintiff's CUTPA claim, which is based on the public policy embodied in the Connecticut Trade Secrets Act, is legally insufficient because it is inconsistent with the regulatory principles established by the legislature in enacting the Trade Secrets Act. The defendant argues that section 35-57(a) is the exclusive remedy for harm arising out of trade secrets; therefore, the defendant argues that the plaintiff cannot maintain a CUTPA action and the fourth count must be stricken. Additionally, the defendant states in a footnote that the fourth count is defective for failing to allege that the defendant is engaged in trade or commerce within the State of Connecticut or that the plaintiff has suffered an ascertainable loss as a result of the defendant's conduct.
The plaintiff counters that: (1) the defendant has offered no case law to support the proposition that a CUTPA claim cannot be made out along with a Trade Secrets claim and that the plaintiff has the right to plead and prove a CUTPA violation with or without the Trade Secrets claim; and (2) the criteria of the "cigarette rule" has been sufficiently pleaded.
1. General Statutes, Sec. 35-57(a) provides:
 Unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret.
There are two Superior Court cases, Legal Service Plans, Inc. v.Heneghan, Pikor, Etc., Superior Court, JD of New Haven, DN. 299448 2 CONN. L. RPTR. 435 (September 24, 1990, Hodgson, J.), and VantageComputer Systems, Inc. v. The Leverage Group, Inc., 15 CLT 24 (June 23, 1989, Thompson, J.) which address this issue, with both holding that since CUTPA provides a remedy parallel to Uniform Trade Secrets Act, causes of actions under both statutes may be maintained. Therefore, the motion to strike, based on this narrow issue, is denied.
2. With regard to whether the plaintiff has sufficiently plead the criteria of the cigarette rule, our courts have stated that in determining whether a practice violates CUTPA, we use the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public CT Page 4953 policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988).
At short calendar, Attorney Winans had stated that the fourth count was sufficiently plead because the court is at liberty not only to read the allegations in the fourth count, but also to derive any facts inferred from the totality of the pleading. Attorney Winans posited that if the court does this, the fourth count comes within the purview of the cigarette rule.
The pleading with regard to CUTPA is legally insufficient in two respects: (1) the criteria of the "cigarette rule" has not been met; and (2) several trial court decisions have held that an ordinary breach of contract, even if intentional, does not give rise to a CUTPA claim. See Robert S. Weiss Company v. Medspan,8 CSCR 835 (July 13, 1993) (Gray, J.). However, the defendant in this case has posed its opposition on this ground merely in one sentence contained in a footnote. The court views this form of opposition as an issue raised but not briefed, and therefore denies the motion to strike on this ground.
Stodolink, J.