[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The defendant moves to strike the third count of the plaintiff's complaint on the ground the plaintiff has not sufficiently alleged a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendant argues that the plaintiff has merely alleged a breach of contract claim. For the reasons stated below, the motion is granted.
The plaintiff brings this action to collect commissions allegedly owed to him by the defendant. In a revised three count complaint filed on May 16, 1995, the plaintiff alleges that he entered into an agreement with the defendant whereby the plaintiff would sell the defendant's products in exchange for a ten per cent commission on all sales. In the first count of the revised complaint, the plaintiff asserts a breach of contract claim against the defendant. In the second count, the plaintiff alleges that the defendant breached an implied covenant of good faith and fair dealing. In the third count, the plaintiff asserts a claim pursuant to the Connecticut Unfair Trade Practices Act, General statutes § 42-110a et seq. (CUTPA).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161, 171,540 A.2d 1185 (1988).
In determining whether a practice violates CUTPA, the following criteria, known as the "cigarette rule," are employed:
 (1) whether the practice without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is CT Page 8927 within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen].
McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 568,473 A.2d 1185 (1984).
 [A] violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy.
Vezina v. Nautilus Pools, Inc., 27 Conn. 810, 819, 610 A.2d 1312
(1992).
 A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act. . . .
Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 3 CONN. L. RPTR. 711 (Super.Ct. 1991), citing Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989). See also Robert S. Weiss Co. v. Medspan, 8 CSCR 835, 836 (1993) (Gray, J.); LoMonte v. Rice, 3 Conn. L. Rptr. 240 (1991) (Aurigemma, J.); Calise v. Piro, 2 Conn. L. Rptr. 683 (1990) (Katz, J.);Aussenhandel v. Grant Airmass Corp., 2 Conn. L. Rptr. 590 (1990) (Lewis, J.).
To support his CUTPA claim, the plaintiff merely incorporates his breach of contract claim (as alleged in the first count) into the third count, and adds conclusory language that the defendant's "business practices constitute unfair or deceptive acts or practices in the conduct of its trade or commerce. . . ." In so doing, the plaintiff fails to allege any substantial aggravating circumstances attending the defendant's alleged breach of contract which would bring the alleged breach within the purview of CUTPA. The plaintiff also fails to identify which of the defendant's acts were unfair or deceptive, or which of the defendant's acts were immoral, unethical, unscrupulous or offensive to public policy. Thus, the plaintiff has failed to allege a legally sufficient CUTPA claim. Accordingly, the defendant's motion to strike the third count of the revised complaint is granted. CT Page 8928