[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#107)
On November 25, 1994, the plaintiffs, Shoreline Vending Service (Shoreline) and American Manufacturers Mutual Insurance Company (American), filed a two count complaint against the defendant, Kathy J. Huey. The action arises out of an automobile accident allegedly caused by Huey's negligence.
On April 12, 1995, Huey filed an answer, special defenses and CT Page 2120 three counterclaims (#104). The first counterclaim as to Shoreline alleges a breach of an unconditional release agreement between Huey and Shoreline. This breach is alleged to have occurred when American instituted this action for damages arising out of the automobile accident. The second counterclaim as to Shoreline alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., arising out of the facts alleged in support of the first counterclaim. The third counterclaim as to American alleges a violation of CUTPA, also arising out of the facts alleged in support of the first counterclaim.
On April 27, 1995, Shoreline and American filed a motion to strike (#107) and a supporting memorandum of law as required by Practice Book § 155. Shoreline and American move to strike Huey's second and third counterclaims on the ground that they fail to state a cause of action under CUTPA in that the "single transaction referred to does not allege wrongful conduct with such frequency as to indicate a general business practice" and "the acts alleged were not committed in the conduct of any trade or commerce, as these terms are defined in [CUTPA]." Huey filed a timely objection to the motion to strike on September 11, 1995 (#110). On November 9, 1995, Shoreline and American filed a supplemental memorandum of law in support of their motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corporation v. Romano's AutoService, 4 Conn. App. 495, 496, 595 A.2d 286 (1985). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff."Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "[T]he moving party admits all facts well pleaded." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.)Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992).
Within their supporting memorandum of law, Shoreline and American claim that the facts giving rise to the breach of contract allegation in Huey's first counterclaim, later incorporated by reference into the second and third counterclaims, are legally insufficient to create a cause of action under CUTPA as alleged in the second and third CT Page 2121 counterclaims.
"It is well settled that in determining whether [an act or] practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when [an act or] practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Alterations in original.)Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725,652 A.2d 496 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id. "Whether a practice is unfair and thus violates CUTPA is an issue of fact . . . . The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court (Citation omitted.) Krawiec v. Blake Manor Development Corp.,26 Conn. App. 601, 607-08, 602 A.2d 1062 (1992).
"A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the [activities alleged] are either immoral, unethical, unscrupulous or offensive to public policy." (Internal quotation marks omitted.) ChaspekManufacturing Corp. v. Tandet, Superior Court, judicial district of Stamford at Norwalk, Docket No. 9309-2714 (June 16, 1995, Tierney, J.); see also Emlee Equipment Leasing Corp. v. WaterburyTransmission, Inc., 41 Conn. Sup. 575, 595 A.2d 951 (1991), rev'd on other grounds, 31 Conn. App. 455, 626 A.2d 307 (1993); Serinov. Branson Ultrasonics, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320804 (August 3, 1995, Thim, J., 14 Conn. L. Rptr. 586); Robert S. Weiss Company v. Medspan,Inc., Superior Court, judicial district of New Haven, Docket No. 0311255 (July 13, 1993, Gray, J., 8 CSCR 835); Aussenhandel v.Grant Airmass Corp., Superior Court, judicial district of Stamford, Docket No. 0103541 (October 17, 1990, Lewis, J.,2 Conn. L. Rptr. 457). CT Page 2122
In both the second and third counterclaims at issue, Huey incorporates by reference the breach of contract claim of the first counterclaim into the CUTPA claims. Huey then concludes each counterclaim with a statement that "[t]he foregoing constitutes a violation of [CUTPA] . . . in that said actions are immoral, oppressive, and unscrupulous and caused substantial injury to the defendant." A conclusory statement such as this, without further elaboration as to how or why the acts complained of are immoral, oppressive and unscrupulous is not sufficient to fashion a CUTPA claim out of the simple breach of contract claim alleged in the first counterclaim and incorporated by reference in the second and third counterclaims. In addition, Huey's failure to specifically allege how the facts giving rise to the breach of contract claim are so immoral, unethical, oppressive or unscrupulous as to amount; to a CUTPA violation is fatal as well.
Accordingly, the plaintiff's motion to strike the second and third counterclaims is granted. Additionally, the defendant's request for punitive damages and attorneys fees as authorized by CUTPA are stricken because "[t]he moving party must prevail on the CUTPA cause of action before such fees and damages must be awarded." Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 821,610 A.2d 1312 (1992).
BY THE COURT:
STANLEY, J.