[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a two count complaint. The first count alleges a breach of contract. The second count incorporates the substantive allegations of the first count by reference, and then alleges that the breach of contract constitutes a violation of C.G.S. § 42-110b (CUTPA) in a second count.
The defendant was the mechanical contractor on a school building project. The plaintiff was a subcontractor who bid on a portion of the project. The defendant discovered that the electrical system the plaintiff intended to install was not acceptable to the Project Manager. The plaintiff was then terminated from the project.
The defendant seeks to strike the second count of the complaint.
 "A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease CorporationCT Page 13983 v. Romano's Auto Service, 4 Conn. App. 495, 496, 595 A.2d 286 (1985). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "[T]he moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992).
 "It is well settled that in determining whether [an act or] practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when [an act or] practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Alterations in original.) Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725, 652 A.2d 496 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id. "Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . . The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court (Citation omitted.) Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601, 607-08, 602 A.2d 1062 (1992).
"A simple contract breach is not sufficient to CT Page 13984 establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the [activities alleged] are either immoral, unethical, unscrupulous or offensive to public policy." (Internal quotation marks omitted.) Chaspek Manufacturing Corp. v. Tandet, Superior Court, judicial district of Stamford at Norwalk, Docket No. 9309-2714 (June 16, 1995, Tierney, J.); see also Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 595 A.2d 951 (1991), rev'd on other grounds, 31 Conn. App. 455, 626 A.2d 307 (1993); Serino v. Branson Ultrasonics, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320804 (August 3, 1995, Thim, J., 14 Conn. L. Rptr. 586); Robert S. Weiss Company v. Medspan, Inc., Superior Court, judicial district of New Haven, Docket No. 0311255 (July 13, 1993, Gray, J., 8 CSCR 835); Aussenhandel v. Stamford, Docket No. 0103541 (October 17, 1990, Lewis, J., 2 Conn. L. Rptr. 457).
The second count of the complaint after incorporating the breach of contract claim from the first count then concludes the second count with an allegation that the breach constitutes an "immoral, unethical, oppressive, unscrupulous, and otherwise unfair and deceptive trade or commerce in violation of § 42-110b
of the C.G.S. A conclusory statement such as this without further elaboration and without specifically alleging how the facts are immoral, unethical, oppressive or unscrupulous is insufficient to support a CUTPA violation.
The plaintiff's motion to strike is granted.
Thomas V. O'Keefe Jr., Judge